**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br>AMIN BALAGAM,<br>      Debtor | Chapter 7<br><br>Case No.: 24-02336 |
| UNITED CREDIT UNION,<br><br>      Plaintiff<br><br>-v-<br><br>AMIN BALAGAM,<br><br>      Defendant. | Hon. Timothy A. Barnes<br><br>Adversary Case No: |

# COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE

NOW COMES Plaintiff-Creditors United Credit Union ("United"), a duly chartered credit union formed under the laws of the State of Illinois, by and through its attorneys, Wator & Associates, P.C., and for its complaint against Defendant-Debtor Amin Balagam ("Debtor"), respectfully alleges as follows:

**Jurisdiction and Venue**

1. On February 20, 2024, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

1

States Bankruptcy Court of the Northern District of Illinois (Docket 1).

2. On March 13, 2024 Debtor's §341 Meeting was held and a no-asset report was filed by the Trustee.

3. As of the date of the filing of this complaint, Debtor has not been granted a discharge. Moreover, the deadline for filing objections to discharge does not expire until May 13, 2024.

4. This is an adversary proceeding in the debtor's Case No. 24-02336 under the Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to *28 U.S.C. § 1334(a)* and *11 U.S.C. §523*. This is a core proceeding under *28 U.S.C. §§ 157(b)(2)(I) and (J)*.

5. Debtor is indebted to United Credit Union as fully detailed below, and the debt is not dischargeable under *11 U.S.C. §727(a)(4)(A), 11 U.S.C. §727(a)(5) and 11 U.S.C. §727(b)* by virtue of the provisions of *11 U.S.C. §§ 523(a)(2), (4), and (6)*.

6. Venue is appropriate in the United States Bankruptcy Court for the Northern District of Illinois pursuant to *28 U.S.C. § 1409(a)*.

## Parties

7. United Credit Union is a duly chartered credit union formed under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

8. Debtor is an individual residing in the City of Chicago, County of Cook, State of Illinois.

## General Averments

2

9. Debtor's obligation to United arises in relation a written contract/security agreement (the "Agreement") with Plaintiff related to the financing of a 2015 INFINITI QX60, V.I.N. 5N1AL0MM9FC545352 (the "Vehicle"). A true copy of this Agreement is attached to and made part of this Complaint as **Exhibit A.**

10. By the terms of the Agreement, Debtor borrowed the amount of $28,852.29 with the Vehicle being collateral for said debt. The repayment schedule for the Agreement called for the amount borrowed to carry a finance charge of 5.25% over the life of the loan payment schedule with the first payment of $667.72 on February 7, 2019. The Agreement called for monthly installments for forty-eight (48) months.

11. By the terms of the Agreement on its first page, Debtor pledged a "security interest in the goods being purchased."

12. United perfected its lien on the Vehicle with the Illinois Secretary of State (see attached **Exhibit B**).

13. Subsequent to the execution of the Agreement, Debtor ceased making payments, with the last payment received on March 6, 2020. Attempts to repossess the Vehicle were unsuccessful.

14. After United provided notice of default to Debtor, it filed a breach of contract complaint with the Circuit Court of Cook County, 1st District on April 12, 2021 as Case No. 2021 M1 107899 hereinafter "the Cook County Case"). Attempts to serve Debtor were unsuccessful.

15. During the pendency of the Cook County Case, United was made aware by way of a letter from the Illinois State Police that the Vehicle was the subject of a purchase-transaction from a third-party Illinois auto dealership to a consumer (see **Exhibit C**). That Debtor had sold or transferred the Vehicle to said auto dealership for consideration. The Illinois State Police were seeking to determine if Plaintiff's security interest, and outstanding lien, on the Vehicle had

3

been released prior to this subsequent transaction. United, through its counsel, confirmed for the Illinois State Police that in fact United's security interest, and therefore its lien, had not in fact been released. Neither the Illinois State Police nor the Illinois Secretary of State have been able to explain how this transfer was able to occur.

16. Subsequent to learning of Debtor's sale of the Vehicle for value, United filed an amended complaint including an additional count for conversion.

17. On November 20, 2023 Debtor was served with summons on United's amended complaint by personal service.

18. On February 8, 2024, a judgment was entered against Debtor in the Circuit Court of Cook County, 1st District on United's complaint as to count I – breach of contract – and count II – conversion (see attached **Exhibit D**).

## COUNT I
## Claim for Relief
**Debtor's Debt to United is not dischargeable pursuant to**
*11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6)*

19. United incorporates by reference the allegations contained in paragraphs 1-18 above as though set forth fully herein.

20. "A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt…for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." *11 U.S.C. 523(a)(2)(A)*. Or where debt has arisen from "willful and malicious injury by the debtor to another entity or to the property of another entity." *11 U.S.C. 523(a)(6)*.

4

21. Debtor agree to be bound by the terms of the Agreement executed with United. Said Agreement provided that the Vehicle was the security for the amount borrowed by Debtor.

22. Debtor was aware of the intent of United to place a lien on the Vehicle and that said lien was in fact perfected with the Illinois Secretary of State.

23. Irregardless, Debtor engaged a concerted series of actions meant to willfully and maliciously injure United:

    a. Debtor ceased making mandated monthly installments after a mere single installment being paid;

    b. Debtor was well aware United's attempts to secure payment through communications from United and United's counsel;

    c. After the commencement of legal proceedings in April of 2021 Debtor continued to avoid the repercussions of legal proceedings by avoiding service of process;

    d. Approximately twelve (12) months after the commencement of United's legal proceedings, Debtor effectuated a forgery of the perfected title wherein United was lienholder to effectuate a sale of the Vehicle to a third-party. All the while Debtor was fully aware that United was seeking to enforce its rights to the Vehicle as security for the debt under the Agreement through legal proceedings;

    e. It is clear from the communication of April 20, 2022 from the Illinois State Police that once subsequent documentation was filed with the Illinois Secertary of State in conflict with United's lien, Debtor's fraud was uncovered;

    f. Debtor filed the instant case on February 20, 2024, a mere eight (8) days after the entry of judgment on United's complaint (including the count for conversion) whereby the consequences of his malicious, willful and fraudulent conduct were

5

lawfully adjudicated and consequences were to follow.

24. Debtor's conduct constitutes fraud insofar as her conduct has led to "willful and malicious injury" to United.

## COUNT II
**Non-Dischargeability of Debtor's Debt to United Pursuant to**
*11 U.S.C. § 727(a)(4)(A) and 11 U.S.C. § 727(a)(5)*

25. United incorporates by reference the allegations contained in paragraphs 1-18 above as though set forth fully herein.

26. Pursuant to *11 U.S.C. § 727(a)(4)* "the court shall grant the debtor discharge, unless: (A)

    (4) the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account;"

27. Pursuant to *11 U.S.C. § 727(a)(5)* "the court shall grant the debtor discharge, unless:

    (5) the debtor has failed to explain satisfactorily, before determination of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

28. In violation of *11 U.S.C. § 727(a)(4)* Debtor's schedules include the following glaring omissions:

    a. Debtor's Form 106A/B, Part 2 fails to name the Vehicle as part of his estate. It is enlightening that Part 2 inquires "[d]o you own, lease or have legal or equitable interest in any vehicles, whether they are registered or not?" In the case of Debtor there is no question that the Vehicle that is the security interest to the Agreement is registered to Debtor as the title to said vehicle and United's perfected lien are registered with the Illinois Secretary of State. United has never relinquished said lien. The title reflecting said lien has never been voided. No legal proceedings have

6

been initiated by Debtor, or any other third-party, voiding said vehicle or adjudicating the perfected lien of United;

b. Debtors Form 106D fails to list United as a secured creditor to as the debt owed to United by Debtor is still secured by the Vehicle for reasons provided for in in Paragraph 28.a above;

c. Debtors Form 106E/F knowingly misrepresents United as an unsecured creditor even though the debt owed to United is secured by the Vehicle;

d. Debtors Form 107 – Statement of Financial Affairs – makes several self-serving, but glaring, omissions, relevant to United's complaint;

  i. Part 4, Paragraph 9 fails to list United's ongoing legal proceedings in Case No. 2021 M1 107899 which are a matter of public record and which by happenstance saw the entry of judgment a mere twelve (12) days before the filing of Debtors petition in the instant bankruptcy case;

  ii. Paragraph 7, Paragraph 18 calls for a bankruptcy petitioner to answer the inquiry if they "[w]ithin 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs." In the instant matter the transfer of the Vehicle occurred within the two (2) year period preceding the filing of the instant bankruptcy petition and Debtor failed to disclose this transaction with the auto dealership located here in the state of Illinois.

29. Finally, in contravention of *11 U.S.C. § 727(a)(5)* Debtor has failed disclose, let alone

7

"explain satisfactorily, the loss of the Vehicle as an asset of his estate to meet his obligation for liabilities he owes.

WHEREFORE, United Credit Union, your Plaintiff herein, respectfully prays for the entry of judgment against the defendant, Amin Balagam, as follows:

a. That the Court determine that the debt owed to United Credit Union by Debtor as a result of such Debtor's false pretenses, false representation, and actual fraud is non-dischargeable by virtue of the provisions of *11 U.S.C. §523(a)(2), and 11 U.S.C. §523(a)(6)*;

b. That the Court determine that Debtor be denied discharge of the debt owed to United Credit Union *11 U.S.C. § 727(a)(4)(A)* and *11 U.S.C. § 727(a)(5)* based on the false oaths in his bankruptcy petition and failure to satisfactorily explain the loss of the Vehicle;

c. Award United Credit Union compensation for attorney's fees and court costs of this proceeding; and

d. Such other and further relief as is just and appropriate.

Respectfully submitted by:
UNITED CREDIT UNION

BY: _____
Dariusz T. Wator, Esq
One of its attorneys

Dariusz T. Wator
Wator & Associates, P.C.
10711 S. Roberts Road
Palos Hills, Illinois 60465
Tel:   (708) 974-0000
Fax:   (708) 974-0011
Email: litigation@myillinoisatty.com
ARDC No.: 6279496

8